# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR WEEKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. COMITES, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:11-cv-01180-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS, WITHOUT LEAVE TO AMEND, AND DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 5)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Arthur Weeks ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the first amended complaint, filed September 19, 2011.  (ECF No. 5.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

1

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.     Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. Plaintiff brings this action against Associate Warden Comites, Chief Deputy Warden Gipson, Correctional Lieutenant Overly, Facility Captain Garcia, Correctional Lieutenant Heidt, Chief Deputy Warden Davis, Correctional Officer Thompson, and Correctional Officer Barron. Plaintiff states that, after he was convicted of a rule violation and placed on C-status for 90 days, he was denied access to the law library and outdoor exercise in violation of the Eighth and Fourteenth Amendments. During this time period Plaintiff was allowed out of his cell for one hour per day, five days per week, impermissibly requiring him to choose between outdoor exercise and attending the law library.

Plaintiff states that Corcoran has a policy that denies C-status inmates law library unless they are on PLU status. Prison officials were aware that he had a civil action pending in Los Angeles

1 Superior Court and he needed access to the law library to effectively prosecute his civil claim.
2 Plaintiff was forced to settle his civil claim for far less than what similarly situated plaintiff's who
3 filed claims against the Los Angeles Archdiocese received

4     For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

**III.    Discussion**

    **A.    Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. Under the First and Fourteenth Amendments inmates have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011).

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. In this instance, Plaintiff's civil action against the Los Angeles Archdiocese does not qualify as a direct criminal appeal, habeas petition, or civil rights action. Further Plaintiff fails to demonstrate that he suffered an actual injury. Plaintiff voluntarily entered into an agreement to settle his civil action against the Archdiocese. Plaintiff fails to show that prison officials were liable for any injury when he voluntarily entered into an agreement to settle his civil action. Plaintiff's claim that he could have obtained a better settlement is speculative and cannot establish actual injury. See Madrid v. Gomez, 1980 F.3d 990, 995-96 (9th Cir. 1999).

Because Plaintiff has not demonstrated that he suffered an actual injury to qualifying litigation, his access to the court claim fails as a matter of law. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351. Further, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal

citations omitted). However, the Court finds that the deficiencies outlined here are not capable of being cured by amendment, and therefore leave to amend Plaintiff's access to the court claim will not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

### B.   Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Exercise is a basic need protected by the Eighth Amendment. Thomas, 611 F.3d at 1151. To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would violate the Eighth Amendment rights of the plaintiff. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). However, Plaintiff's allegations are not sufficient to satisfy either the objective component or the subjective component of an Eighth Amendment claim. Id. at 1150-51. Plaintiff received five hours of outdoor exercise per week. Short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim. Thomas, 611 F.3d at 1155; Norwood, 591 F.3d 1062, 1070 (9th Cir. 2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir. 1994). The Court declines to find that approximately one hour of outdoor exercise per day, with no adverse medical effects, falls below the constitutional minimum. Id. at 1151-52. Plaintiff fails to state a claim.

### C.   Policy

Plaintiff alleges that the policy allowing C-status inmates one hour out of cell, five times per

1  week impermissibly forces him to choose between exercise and access to the law library. Requiring
2  an inmate to choose between outdoor exercise and using the law library is impermissible because
3  an inmate cannot be forced to sacrifice one constitutional right in order to avail himself of another
4  protected right. Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010).

5  "The Eleventh Amendment bars suits for money damages in federal court against a state, its
6  agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety,
7  488 F.3d 1144, 1147 (9th Cir. 2007). A suit brought against prison officials in their official capacity
8  is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783
9  (9th Cir. 1986). Prison officials are liable if the "'policy or custom' . . . played a part in the violation
10 of federal law. McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S.
11 Ct. 3099, 3105 (1985).

12 A policy can be one of action or inaction, but both claims require that the plaintiff prove a
13 constitutional violation has occurred. Waggy v. Spokane County Washington,, 594 F.3d 707, 713
14 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his
15 deprivation resulted from an official policy or custom established by a . . . policymaker possessed
16 with final authority to establish that policy. Waggy, 594 F.3d at 713.

17 While Plaintiff alleges that he was forced to choose between two constitutional rights,
18 Plaintiff's right to access the court does not extend to the litigation which he was involved in during
19 the time period at issue in this action. Plaintiff fails to state a claim that his constitutional rights
20 were violated by only providing five hours of out of cell access per week. Accordingly, Plaintiff fails
21 to state a cognizable claim.

22 **IV.    Conclusion and Order**

23 For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
24 a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within
25 thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the
26 nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507
27 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

28 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

5

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed September 19, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's access to the court claim is dismissed, without leave to amend, for failure to state a claim;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 3, 2012**               /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE